COLGAN et al. v. DANHEISER et al.

(*Circuit Court, N. D. Illinois.*   May 17, 1888.)

1. TRADE-MARKS—DESCRIPTIVE WORDS.
    The words "Taffy Tolu," as applied to chewing-gum, being descriptive of the character of the article, rather than indicative of its origin, are not susceptible of appropriation as a trade-mark by one having no patent for the exclusive use of the ingredients which constitute the article, or for the article itself.

2. SAME—MANNER OF PACKING AND LABELING.
    Complainant, a manufacturer of chewing-gum, put the article up in small bundles, each consisting of six small oblong cakes bound together with a rubber band, and each cake wrapped in a white label bearing two black imprints about the size and shape of the cakes themselves, the imprints being designed and made to rest conspicuously one on each side of the cake, and the most conspicuous imprint being the words "Colgan's Taffy Tolu Chewing-Gum." *Held*, the words indicated not being susceptible of appropriation as a trade-mark, that complainant was not entitled to an injunction in the absence of proof that he had first established a reputation for his goods by thus packing and labeling them, and that defendant had attempted to supplant him in the market by an unlawful use of such devices.

In Equity. Bill to enjoin use of alleged trade-mark.
*Schmitt & Hubbell*, for complainants.
*Israel Cowen* and *West & Bond*, for respondents.

GRESHAM, J. The complainants' label their small packages with the words "Colgan's Taffy Tolu Chewing-Gum," and insist that by virtue of

prior appropriation they are entitled to the words "Taffy Tolu" in this connection, as a trade-mark indicating the origin of their goods. The complainants have no patent which secures to them a monopoly in the exclusive use of the ingredients which constitute their goods, or in the goods themselves. The words "Taffy Tolu" indicate or describe the character of the labeled goods, rather than their origin. The defendants have an equal right to make and sell Taffy Tolu, provided they make and sell it as their own manufacture, and not as that of the complainants. The words being descriptive of the compound or goods, they are incapable of appropriation. The proper designation of an article cannot be appropriated as a trade-mark; and it is quite immaterial who first gives the proper name to a new article. The defendants are at liberty to make and sell Taffy Tolu the same or similar in ingredients as the complainant's manufacture, provided they label and sell the article as made by themselves, and not by the complainants, which they seem to be doing.

The complainants put up their chewing-gum in small bundles, each consisting of six small oblong cakes bound together with a rubber band, each cake wrapped in a white label bearing two black imprints about the size and shape of the cakes themselves, the imprints being designed and made to rest conspicuously one on each side of the cake, the most conspicuous imprint being the words, "Colgan's Taffy Tolu Chewing-Gum." Complainants insist that this packing and labeling is original with them, and constitutes their trade-mark or trade-name. It is not clear from the evidence that the complainants had established a reputation in the market for their goods by thus packing and labeling them, before the defendants and others became competitors. No relief can be granted to complainants on this branch of the case, unless it clearly appears that they were the first to introduce their goods in this particular way, and that the defendants have attempted to supplant them in the market by disposing of their goods on the strength of the complainants' reputation. The bill is dismissed for want of equity.